IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| STEPHANIE HECTOR | § | |
| | § | |
| Plaintiff | § | CIVIL ACTION NO.  9:14cv38 |
| | § | |
| v. | § | JUDGE _____ |
| | § | |
| UNIVERSAL FIELD SERVICES, INC. | § | JURY DEMANDED |
| and | § | |
| CLAYTON NICHOLS | § | |
| | § | |
| Defendants | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE COURT:

NOW COMES Plaintiff, Stephanie Hector, who for her Original Complaint states as follows:

**I.**

**Introduction**

1.  Plaintiff Stephanie Hector commences this employment discrimination action against Defendant Universal Field Services, Inc. (hereafter Defendant "Universal Field Services") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), which in relevant part prohibits discrimination in employment based upon an employee's sex, including sexual harassment, and/or as the result of retaliation/opposition to gender discrimination.

2.  Plaintiff Hector was employed by Defendant Universal Field Services where she was subjected to discrimination on the basis of her sex, female, by way of numerous inappropriate comments and touchings by coworker and sexual predator, Defendant Clayton Nichols. On approximately April 18, 2013, Plaintiff Hector was fired as a result of her gender (female), the fact

that she refused Harasser Nichols' sexual advances, and/or in retaliation for her complaining of sexual harassment.

3. Plaintiff Hector brings this cause of action to vindicate her rights guaranteed by Title VII. Plaintiff Hector seeks the full measure of available relief, including declaratory, equitable, compensatory and punitive remedies, as well as attorney's fees and costs.

4. Plaintiff Hector additionally brings a cause of action for assault against her harasser, Clayton Nichols, for his conduct in inappropriately and offensively touching Plaintiff Nichols during her employment with Universal Field Services.

## II.

## Jurisdiction

5. This Court has jurisdiction over Plaintiff's Title VII claims pursuant to Title 42 U.S.C. § 2000e-5(f)(3). This Court additionally has federal question jurisdiction over Plaintiff's Title VII claims pursuant to Title 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over Plaintiff's assault claim against Defendant Nichols pursuant to 28 U.S.C. § 1367.

## III.

## Parties

**Plaintiff**

7. Plaintiff Stephanie S. Hector is and was a citizen of the United States and a resident of Angelina County, Texas at all times relevant hereto.

**Defendant**

  8. Defendant Universal Field Services, Inc. is a corporation duly licensed to do business in Texas.  Defendant Universal Field Services may be served through its registered agent for service of process, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201.

  9. Defendant Clayton Nichols was a citizen of the United States and a resident of Angelina County, Texas at all times relevant hereto.

### IV.

### Procedural History

  10. Plaintiff filed a timely charge of discrimination in employment with the United States Equal Employment Opportunity Commission and received her right-to-sue letter on or about January 16, 2014.  Plaintiff has therefore satisfied all prerequisites to suit for her Title VII claim, and there remain no unfulfilled exhaustion requirements.

### V.

### Statement of Facts

**General**

  11. Plaintiff Hector is a twenty-six (26) year old Caucasian female.

  12. At all times relevant hereto, Plaintiff Hector was an employee of Defendant Universal Field Services and was therefore entitled to the protections of Title VII.

  13. Defendant Universal Field Services is an employer employing more than 15 employees and is subject to the prohibitions against discrimination in Title VII.

**What Happened**

  14. Plaintiff Hector began working for Defendant Universal Field Services in Lufkin, Texas as a receptionist in 2009.

  15. In late 2010, Defendant Clayton Nichols, who did the permitting, began propositioning Plaintiff Hector. He told her that she should come to his RV and have dinner or drinks with him. He made these comments frequently, even though Plaintiff Hector made it clear that she was not interested and wanted it to stop.

  16. On one occasion, Plaintiff Hector dropped something, and Defendant Nichols crawled around under her desk so that he could try to look up her skirt.

  17. Plaintiff Hector complained about Defendant Nichols to Office Manager Frances Houston who said she would report it to Supervisor Randy Hutson. For a short period of time, Defendant Nichols' conduct improved.

  18. In approximately April, 2011, Defendant Nichols and Plaintiff Hector were moved into another office, where they were the only ones present. After this, his conduct became even worse. Along with propositioning Plaintiff Hector, Defendant Nichols would talk about Plaintiff Hector's sex life. Plaintiff Hector always made it clear that this made her uncomfortable and asked him to stop. On one occasion, she even threw her keys at him to get him to stop.

  19. Defendant Nichols would also put his hands on Plaintiff Hector's arms and neck. He even rubbed her leg. These touchings were unwanted and offensive. Plaintiff Hector told him numerous times not to touch her. These actions went on for a substantial period of time and were both severe and pervasive.

20. In 2012, Plaintiff Hector called Supervisor Hutson and told him he needed to do something about Defendant Nichols or she was going to have to find another job. Supervisor Hutson told Plaintiff Hector that he would move Defendant Nichols to the Tyler office. However, when Defendant Nichols complained that he did not want to move to Tyler, Plaintiff Hector was the person who was moved to the Tyler office. Plaintiff Hector had to commute back and forth, even though she lived in Lufkin and had two kids. She did it, though, because she could not afford to lose her job.

21. After a few months, Plaintiff Hector was moved back to the Lufkin office with Defendant Nichols. The harassment started back up again.

22. In approximately February, 2013, Defendant Nichols smacked Plaintiff Hector on the butt in front of her fiancé. Plaintiff Hector took her stuff and left, then called Supervisor Lisa Holmes. Plaintiff Hector told her what Defendant Nichols did, and she said that she would let Supervisor Hutson know. Plaintiff Hector also called Supervisor Hutson herself. She let him know that she could not go back to work with Defendant Nichols as this was the third time that she had reported him and nothing had been done to stop it.

23. For a couple months, Plaintiff Hector was allowed to work from home. However, in April, 2013, she was told that Defendant Nichols was resigning, and she needed to come back to the office.

24. Upon returning on April 18, 2013, however, Plaintiff Hector was terminated. She was told that the reason that she was terminated was because work was too slow.

25. Defendant Nichols, however, was allowed to return to work for Defendant Universal Field Services.

26. The real reason for Plaintiff Hector's termination was gender discrimination and retaliation for the fact that she refused Defendant Nichols' sexual advances and kept complaining about same.

27. As set out above, Defendant Nichols intentionally and/or knowingly caused physical contact with Plaintiff Hector that he knew or should reasonably have believed would be regarded by Plaintiff Hector as offensive and/or provocative. After Plaintiff Hector's termination, Defendant Nichols continued to act in a sexually predatory manner toward others.

28. Defendants' conduct, complained of above, including actions and omissions, proximately caused Plaintiff Hector to suffer mental, emotional and psychological damages, as well as lost compensation.

29. All of Defendants' wrongful acts and omissions as set out above were wanton, malicious, and done in conscious disregard of and with deliberate indifference to the rights and needs of Plaintiff Hector rendering appropriate the award of punitive damages.

## VI.

## Causes of Action

Federal Cause of Action

30. Defendant Universal Field Services's acts and omissions, set forth above, constitute violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) et seq. for gender discrimination, sexual harassment, and/or retaliation.

State Cause of Action

31. Defendant Nichols' acts and omissions, set forth above, constitute the state law offense of assault.

## VII.

## Jury Demand

32. Plaintiff demands a trial by jury on all issues so triable.

## VIII.

## Prayer for Relief

33. WHEREFORE, Plaintiff prays that this Honorable Court:

(a) Enter declaratory judgment against Defendant Universal Field Services and in favor of Plaintiff Hector recognizing that Defendant Universal Field Services violated Plaintiff Hector's rights guaranteed by Title VII;

(b) Enter declaratory judgment against Defendant Nichols and in favor of Plaintiff Hector recognizing that Defendant Nichols committed the offense of assault against Plaintiff Hector;

(c) Enter judgment against Defendants in favor of Plaintiff Hector for full compensatory damages;

(d) Enter judgment against Defendant Universal Field Services and in favor of Plaintiff Hector for equitable relief, including back pay, reinstatement, and/or front pay, including fringe benefits;

(e) Enter judgment against Defendant Universal Field Services and in favor of Plaintiff Hector for an amount of punitive damages sufficient to punish and deter Defendant Universal Field Services from discrimination against Plaintiff Hector and/or others;

(f) Enter judgment against Defendant Nichols and in favor of Plaintiff Hector for an amount of punitive damages sufficient to punish and deter Defendant Nichols from engaging in the same or similar tortious conduct against Plaintiff Hector and/or others;

(g) Grant Plaintiff Hector a trial by jury; and

(h) Grant Plaintiff Hector any and all additional relief to which she appears to be entitled, including a reasonable attorney fee, costs herein expended, pre-judgment interest, and post-judgment interest as provided by law.

Respectfully Submitted,

*/s/ Alex A. Castetter*
Alex A. Castetter
Attorney for Plaintiff Hector
Bar Card No. 00783808

Stuckey, Garrigan & Castetter
Law Offices
2803 C North Street
P.O. Box 631902
Nacogdoches, Texas 75963-1902
(936) 560-6020 / Fax: 560-9578
Alex@sgclaw.org